IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH ALTON,<br><br>PLAINTIFF,<br><br>v.<br><br>ARAMARK CAMPUS, LLC,<br><br>DEFENDANT. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

### COMPLAINT AND JURY DEMAND

Plaintiff Elizabeth Alton, by and through her attorneys, Bell & Bell LLP, hereby files the following Complaint and Jury Demand ("Complaint").

### PRELIMINARY STATEMENT

1. This is an action for an award of damages and other relief on behalf of Plaintiff Elizabeth Alton (hereinafter "Plaintiff" or "Ms. Alton"), an employee of Aramark Campus, LLC (hereinafter "Aramark" or "Defendant"). Despite her loyalty and consistent performance, Ms. Alton was subjected to discrimination and harassment on the basis of her age, culminating in her wrongful termination on March 20, 2023, which was later reversed after it was determined that her termination violated her Union contract.  Ms. Alton was retaliated against for filing her Charge with the EEOC by Defendant's refusal to make payment of her back pay appropriately, as ordered to do following arbitration in which the arbitrator concluded that there was not just cause for Ms. Alton's termination.

2. This action arises under the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. ("ADEA") and the Philadelphia Fair Practices Ordinance, Philadelphia Code § 9-1100, et seq. ("PFPO").

## JURISDICTIONAL STATEMENT

3. This Court has original jurisdiction over all civil actions arising under the Constitution, laws or treaties of the United States pursuant to 29 U.S.C. §§ 1331 and 1391.

4. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1343(4), which grants the District Court original jurisdiction in any civil action authorized by law to be commenced by any person to recover damages to secure equitable or other relief under any act of Congress providing for the protection of civil rights.

5. This Court has supplemental jurisdiction over any Pennsylvania state law and local claims pursuant to 28 U.S.C. § 1367.

6. All conditions precedent to the institution of this suit have been fulfilled. On January 10, 2024, Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dual-filed with the Philadelphia Commission on Human Relations. On April 7, 2025, the EEOC issued a Notice of Right to Sue to Plaintiff. This action has been filed within ninety (90) days of Plaintiff's receipt of said notice.

## VENUE

7. This action properly lies in the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1391(b).

8. This action properly lies in the Eastern District of Pennsylvania because significant activities associated with the claims alleged took place in this jurisdiction and because Plaintiff was employed and terminated by Defendant in this jurisdiction.

**PARTIES**

9. Plaintiff Elizabeth Alton is an adult female citizen and resident of Malvern, Pennsylvania and the United States of America.

10. Ms. Alton is sixty-three (63) years old and within the class of individuals protected against discrimination by the ADEA.

11. At the time of her termination, Ms. Alton was sixty-one (61) years old.

12. Defendant Aramark Campus, LLC ("Aramark") is a food services and facilities management company with its corporate office located in Philadelphia, Pennsylvania, and an address at 3601 S. Broad St., Philadelphia, PA 19148, where Plaintiff was employed.

13. At all relevant times, Defendant is and has been an employer employing more than 500 employees.

14. At all relevant times, employees of Defendant acted as agents and servants for Defendant.

15. At all relevant times, employees of Defendant were acting within the scope of their authority and in the course of their employment under the direct control of Defendant.

16. At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

17. At all relevant times hereto, Plaintiff was an "employee" of Defendant within the meanings of the laws at issue in this suit and is accordingly entitled to the protection of said laws.

18. At all relevant times hereto, Defendant was an "employer" and/or "person" under the laws at issue in this matter and is accordingly subject to the provisions of said laws.

19. This Honorable Court has personal jurisdiction over the Defendant.

**FACTS**

20. Beginning in June 1997, Plaintiff was employed as a Bartender for Aramark.

21. While employed by Aramark, Ms. Alton performed her duties in an excellent and hardworking manner.

22. Indeed, as a testament to her experience, skills, and professionalism in the field of bartending, Ms. Alton was assigned to work with the VIPs at the Wells Fargo Center.

23. Despite her twenty-five years of excellent service, loyalty and consistent performance, Ms. Alton was discriminated against and harassed on the basis of her age, culminating in her wrongful termination on March 20, 2023.

24. Shortly prior to her termination, it became clear to Ms. Alton that Aramark was looking to terminate her (and other older employees) and replace them with younger individuals.

25. Notably, Chrissy Flanagan, Manager of the building, made an obvious discriminatory comment on the basis of age to another older employee, asking "how long do you have left here anyway" and stating "shouldn't you be out of here?".

26. Shortly prior to Ms. Alton's termination, Aramark was hiring new employees, most of whom were in their 20s, and thus significantly younger than Ms. Alton.

27. On or about March 17, 2023, Ms. Alton was suspended.

28. She was terminated only three days later, on March 20, 2023.

29. Aramark did not provide details regarding its reasoning for the suspension and termination at the time, but through the Union process, Ms. Alton later learned that she had been suspended and then terminated on alleged grounds that she had been charging the 76ers for too many waters and sodas – Ms. Alton worked in a VIP area and these items were typically given to

VIP patrons for free, but charged to the 76ers based on how many waters and sodas were actually given out.

30. Notably, Ms. Alton and other employees had been engaging in the same practice regarding charging for waters and sodas for years, without any indication or notice that they were charging incorrectly.

31. In fact, they were not and these alleged grounds for her termination are clear pretext for discrimination.

32. In addition, other younger employees engaged in far worse conduct but were not fired for doing so.

33. At the time of her suspension and termination, at least four other similarly situated older employees were also terminated under suspicious circumstances and at least two of them, in addition to Ms. Alton, also filed Charges of Discrimination with the EEOC claiming age discrimination and harassment.

34. Ms. Alton filed a grievance of her termination with her Union.

35. The grievance proceeded to arbitration and, after hearing, the arbitrator concluded that there was not just cause to terminate Ms. Alton and ordered her reinstated with uninterrupted seniority and benefits.

36. Other older workers who were terminated at the same time as Ms. Alton for similar alleged infractions received similar decisions through arbitration, finding no just cause for termination and ordering reinstatement.

37. Since the arbitrator's award, although ordered to pay back pay to Ms. Alton, Defendant has failed to do so in accordance with the arbitrator's decision and Ms. Alton believes

this to be in retaliation for her bringing claims of age discrimination and harassment, including her filing with the EEOC.

38.     In light of the circumstances outlined above, and given her treatment during her employment with Aramark and the circumstances surrounding her termination, Ms. Alton maintains that she was discriminated against and harassed on the basis of her age, retaliated against for filing with the EEOC, and that her termination was a result of discrimination.

39.     Based on the foregoing, Ms. Alton was subjected to discrimination and harassment on the basis of her age, and to retaliation, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq.

40.     Ms. Alton has suffered mental anguish and severe emotional distress as a direct and proximate result of the actions and inactions of Defendant.

41.     Defendant and its agents acted with the intent of causing or with reckless disregard for the probability that their actions would cause Ms. Alton severe emotional distress.

42.     Ms. Alton has suffered financial losses, which include, among other things, lost wages and benefits, an obligation for attorneys' fees and costs of bringing suit, as a direct and proximate result of the actions and inactions of Defendant.

## COUNT I
### Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq.

43.     Plaintiff Elizabeth Alton repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

44.     Based on the foregoing, Defendant has engaged in unlawful employment practices in violation of the ADEA.

45.     Plaintiff is, and was at the time of her termination, over forty years of age, and was an individual within the class protected by the Age Discrimination in Employment Act.

46. In discriminating against and harassing Ms. Alton because of her age, and in retaliating against her, Defendant violated the Age Discrimination in Employment Act.

47. Defendant's violations were intentional and willful.

48. Defendant's willful violations of the ADEA warrant an award of liquidated damages.

49. As the direct and proximate result of Defendant's violation of the Age Discrimination in Employment Act, Plaintiff Elizabeth Alton has sustained loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon, and has incurred attorneys' fees and costs.

### COUNT II
### Philadelphia Fair Practices Ordinance,
### Philadelphia Code § 9-1100, et seq. ("PFPO")

50. Plaintiff Elizabeth Alton repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

51. Based on the foregoing, Defendant has engaged in unlawful employment practices in violation of the Philadelphia Fair Practices Ordinance, Philadelphia Code § 9-1100, et seq. ("PFPO").

52. In discriminating against and harassing Ms. Alton because of her age, and in retaliating against her, Defendant violated the PFPO.

53. Defendant's violations were intentional and willful.

54. Defendant's violations warrant the imposition of punitive damages.

55. As the direct and proximate result of Defendant's violations of the PFPO, Plaintiff Elizabeth Alton has sustained loss of earnings, severe emotional and psychological distress, loss

of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon, and has incurred attorneys' fees and costs.

57. Plaintiff is suffering and will continue to suffer irreparable harm and monetary damages as a result of Defendant's actions unless and until this Court grants the relief requested herein.

## PRAYER FOR RELIEF

57. Plaintiff Elizabeth Alton repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

**WHEREFORE**, Plaintiff Elizabeth Alton respectfully requests that this Court enter judgment in her favor and against Defendant Aramark Campus, LLC, and Order:

    a. Appropriate equitable relief;

    b. Defendant to compensate Plaintiff with a rate of pay and other benefits and emoluments of employment to which she would have been entitled had she not been subjected to unlawful discrimination, harassment and retaliation;

    c. Defendant to compensate Plaintiff with the wages and other benefits and emoluments of employment lost because of Defendant's unlawful conduct;

    d. Defendant to pay Plaintiff punitive damages;

    e. Defendant to pay Plaintiff liquidated damages;

    f. Defendant to pay Plaintiff compensatory damages for future pecuniary losses, pain and suffering, inconvenience, mental anguish, loss of employment and other nonpecuniary losses as allowable;

    g. Defendant to pay Plaintiff's costs of bringing this action, including, but not limited to, Plaintiff's attorneys' fees;

    h.  Plaintiff be granted any and all other remedies available under the ADEA and PFPO; and

    i.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff Elizabeth Alton hereby demands trial by jury as to all issues so triable.

                              BELL & BELL LLP

By:    */s/ Christopher A. Macey, Jr.*
         Christopher A. Macey, Jr., Esquire
         One Penn Center
         1617 JFK Blvd. – Suite 1254
         Philadelphia, PA 19103
         (215) 569-2285

         *Attorneys for Plaintiff Elizabeth Alton*

Dated: July 3, 2025